In the United States District Court
for the Southern District of New York

|  |  |  |
|---|---|---|
| United States of America | * | Case No. 11-CR-989-JSR |
|  | * |  |
| v. | * |  |
|  | * |  |
| Walter Garcia | * | Honorable: Jed S. Rakoff |
|  | * |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Motion for a Sentence Reduction Pursuant to § 3582(c)(2) and Amendment 782 and § 3553(a) Factors

Title 18 U.S.C. section 3582(c) "provides for modification of a sentence in specific circumstances," and a defendant "need only show that his case falls within one of these two types of situations" to properly proceed under § 3582. In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. 3582(c)(2). Thus, Mr. Garcia brings this motion.

Standard of Review

18 U.S.C. § 3582(c)(2) permits a court to modify a term of imprisonment:

[I]n the case of a defendant who has been sentenced to a

1

> term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statement, U.S.S.G. § 1B1.10, permits a court to reduce a defendant's sentence if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d)," only if "any such reduction in the defendant's term of imprisonment [is] consistent with this policy statement." U.S.S.G. § 1B1.10(a)(1). Subsection (d) includes Amendment 782, which is therefore consistent with the policy statement of section 1B1.10. See U.S.S.G. § 1B1.10(a)(2); United States v. Leonard, 844 F. 3d 102, 106 (2d Cir. 2016); Dillon v. U.S., 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010).

## Procedural History

On or about November 16, 2011, Garcia was named in a five-count indictment in the United States District Court for the Southern District of New York for kidnapping conspiracy in violation of 18 U.S.C. § 1201(c) (count 1); kidnapping in violation of 18 U.S.C. §§ 1201(a)(1) and (2) (count 2); conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (count 3); possession, use, and carrying of a firearm, which was brandished during the course of the kidnapping conspiracy, and aiding and abetting the same, in

2

violation of 18 U.S.C. §§ 924(c)(1)(A), (c)(1)(A)(ii), and 2 (counts 4 and 5).

On or about February 28, 2012, following a six-day jury trial, Garcia was convicted on counts 1, 2, and 3. Garcia was acquitted on counts 4 and 5 of the indictment.

On or about May 29, 2012, this court sentenced Garcia to 280 months' imprisonment, five years of supervised release, and a mandatory special assessment of $300.00.

On or about December 8, 2020, this court granted a 40-month reduction in imprisonment under the compassionate release section, § 3582 motion.

## ARGUMENT

### MR. GARCIA IS ELIGIBLE FOR A SENTENCE REDUCTION PURSUANT TO § 3582(c)(2), AMENDMENT 782, U.S.S.G. § 1B1.10(a)(1) SUBSECTION (d), AND THE § 3553(a) FACTORS

Amendment 782 of the guidelines, effective November 1, 2014, lowered the penalties for most drug offenses by reducing many of the offense levels in the Drug Quantity Table in § 2D1.1 by two levels and making related adjustments. Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. This authority derives from 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3533(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

3

18 U.S.C. 3582(c)(2).

The Supreme Court laid out a two-step process for analyzing applications for sentence reductions. The court must first determine whether a defendant is eligible for sentence modification. Dillon v. United States, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). "If the court finds that the defendant is eligible for a sentence reduction under § 3582(c) and § 1B1.10," then the second step of the analytical framework set forth in Dillon requires the district court "to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." United States v. Mock, 612 F. 3d 133, 137 (2d Cir. 2010) (quoting Dillon, 560 U.S. at 827, 130 S. Ct. 2683).

Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines ("USSG"), on November 13, 2015, Mr. Garcia was sentenced to 280 months' imprisonment. His original Criminal History Category was 1 and his Base Offense Level was 37, leading to a guideline range of 210 to 262 months. This court, on or about December 8, 2020, granted Mr. Garcia's motion for compassionate release and reduced his sentence to 240 months' imprisonment. With a reduction of the Base Offense Level to 33, following Amendment 782, the guideline range became 151 to 188 months.

4

ARGUMENT

A REDUCTION IN MR. GARCIA'S SENTENCE IS WARRANTED UNDER ALL THE § 3553(a) FACTORS

As this court is well aware, the United States Supreme Court, in the consolidated cases <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S. Ct. 738 (2005), ruled that the language in the Sentencing Reform Act making the Sentencing Guidelines mandatory was to be stricken. The guidelines thus, in the words of the court, became "effectively advisory" in all cases, id. at 757. The guidelines are now just one factor among several that sentencing courts are required to consider in imposing a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

According to 18 U.S.C. § 3553(a)(2), the four purposes of sentencing are retribution, deterrence, incapacitation, and rehabilitation. In determining the sentence minimally sufficient to comply with the § 3553(a)(2) purposes of sentencing, the court must consider several factors listed in § 3553(a). These are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant", (2) "the kinds of sentencing available"; (3) the guidelines and policy statements issued by the Sentencing Commission, including the (now advisory) guideline range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide restitution where applicable. 18 U.S.C. §§ 3553(a)(1), (a)(3), (a)(5).

As of now, after the new Supreme Court ruling in <u>Pepper v. U.S.</u>, under the Federal Sentencing Guidelines, courts can

consider the defendant's age, U.S.S.G. § 5H1.1; his education and vocational skills, § 5H1.2; his mental and emotional condition, § 5H1.3; his physical condition, including drug or alcohol dependency, § 5H1.4; his employment record, § 5H1.5; his family ties and responsibilities, § 5H1.6; his socio-economic record, § 5H1.10; his civic and military contributions, § 5H1.11; and his lack of guidance as a youth, § 5H1.12. The guidelines when considering these factors can be squared with the § 3553(a)(1) factors requirement that the court alone will evaluate the "history and characteristics" of the defendant. The court can now evaluate all aspects of a defendant's history, thus in cases in which a defendant's history and character are positive, considerations of all of the § 3553(a) factors will call for a sentence outside the guideline.

A proper analysis of Defendant's characteristics, the nature of the instant offense, and the potential range of sentences available to the court indicates that an appropriate sentence could have been fashioned significantly below the guidelines. The arbitrary sentencing of Defendant was unreasonable.

Moreover, Defendant was sentenced based on the guidelines. Accordingly, his sentence should be reviewed in light of the United States Supreme Court rulings in <u>Kimbrough</u>, <u>Gall</u>, and <u>Spears v. U.S.</u>, 12 S. Ct. 840 (2009). Also see <u>Freeman v. U.S.</u>, No. 09-10245. The appropriate remedy would be for this court to take into consideration the recent decisions in reviewing Defendant's sentence.

If the court finds that the sentence called for by the now-advisory sentence guidelines is greater than necessary to comply with the purposes of sentencing, § 3553(a) would seem to require the court to impose a more lenient sentence, or at the least, give the court authority and discretion to do so.

Any question regarding the advisory nature of the guidelines was put to the test by recent decisions of the United States Supreme Court in Kimbrough v. United States, No. 06-6330, and Gall v. United States, No. 06-7949 (Dec. 10, 2007). These cases stand for the proposition that while a district judge must include the guideline range in the array of factors warranting consideration, the judge may determine, however, that, in a particular case, a within-the-guideline sentence is greater than necessary to serve the objectives of sentencing. Kimbrough at 2. Moreover, while the statute still requires a court to give respectful consideration to the guidelines, see Gall at 7, 11; Booker permits the court to tailor the sentence in light of the other statutory concerns as well.

A sentence should be sufficient but not greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). As set forth above, those factors are retribution, deterrence, incapacitation, and rehabilitation. In the present case, those factors are achieved by a sentence significantly lower than the range set forth by the guideline calculations.

Instead of being bound by federal sentencing guidelines, the Sentencing Reform Act, as revised by Booker, requires a

7

sentencing court to consider guideline ranges, see 18 U.S.C. § 3553(a)(4) Supp. 2004, but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a). Thus, under U.S. v. Booker, sentencing courts must treat the Federal Sentencing Guidelines as just one of the sentencing factors set forth in 18 U.S.C. § 3553(a).

The primary direction in § 3553(a)(2) states that such purposes are to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider: (1) the nature and circumstance of the offense and the history and characteristics of the defendant, (2) the kinds of sentences available, (3) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and (4) the need to provide restitution to any victims of the offense.

The directive of Booker and § 3553(a) make clear that courts may no longer uncritically apply the guidelines and, as one court suggested, "only depart in unusual cases for clearly identified and persuasive reasons." United States v. Wilson, 2005 WL 78552, at *1 (D. Utah Jan. 13, 2005). The approach espoused in Wilson is consistent with the holdings of the merits majority in

U.S. v. Booker, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the § 3553(a) factors. Under § 3553(a)(1), this court may consider the "history and characteristics of the defendant."

The U.S. Supreme Court ruling in Pepper v. United States, No. 09-6822 (March 2, 2011), states that a federal district court resentencing a criminal defendant may rely on the defendant's efforts at rehabilitation following the initial sentencing as a basis to varying downward from the range recommended by the U.S. Sentencing Guidelines.

## Conclusion

For the reasons set forth, Mr. Garcia prays that this Honorable Court grant Mr. Garcia's motion for a sentence reduction pursuant to Title 18 U.S.C. § 3582(c)(2), Amendment 782, and the § 3553(a) factors.

Date: 2 24, 2022

Respectfully submitting

Walter Garcia
Req. #65584-054
Federal Correcional
33 1/2 Pembroke RD
Institution
Danbury, CT 06811
United States

9

## Certificate of Service

This is to certify that I have, on this day, under the penalty of perjury (Title 28 U.S.C. § 1746), served a true and correct copy of the foregoing motion for a sentence reduction pursuant to Title 18 U.S.C. § 3582(c)(2), Amendment 782, and the § 3553(a) factors.

Date: 2 24 2022

Respectfully submitting

*/s/ Walter Garcia*
Walter Garcia
Reg. #65584-054
Federal Correcional
33 1/2 Pembroke RD
Institution
Danbury, CT 06811
United States

⇔65584-054⇔
Walter Garcia
Federal Correcional
33 1/2 Pembroke RD
Institution
Danbury, CT 06811
United States

RECEIVED
MAR 02 2022
CLERK'S OFFICE
S.D.N.Y.

USMS
SDNY

⇔65584-054⇔
Us District Court
500 Pearl ST
Southern
NEW YORK, NY 10005
United States