UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,              :      11-cr-989-1 (JSR)
                                       :
        -v-                            :
                                       :      AMENDED ORDER
WALTER GARCIA,                         :
                                       :
        Defendant.                     :
------------------------------------x
JED S. RAKOFF, U.S.D.J.:

On December 6, 2025, Walter Garcia, having already received a substantial reduction in his sentence, moved for a fifth time for a further sentence reduction under 18 U.S.C. § 3582(c)(1)(A). ECF No. 106. He is currently serving a term of 240 months' imprisonment.

Garcia first moved to reduce his sentence in 2014, ECF No. 71, which the Court denied on October 27, 2015, ECF No. 81. In April of 2020, Garcia requested that a lawyer be appointed to assist him with filing a second motion to reduce his sentence, ECF No. 83, and the Court appointed counsel to do so, ECF No. 84. After briefing and oral argument on the motion, the Court granted Garcia's motion for a reduction in sentence on December 8, 2020, reducing Garcia's sentence from 280 to 240 months' imprisonment. See ECF No. 91. On July 28, 2023, the defendant filed a third motion to reduce his sentence, ECF No. 97, which the Court denied on August 8, 2023, noting that the motion failed to raise new information or additional arguments, ECF No. 98. On December 1,

1

2023, Garcia filed his fourth motion, ECF No. 99, which the Court denied on December 12, 2023, on the same grounds as the denial of the third motion, ECF No. 100.

This is Garcia's fifth motion for a sentence reduction, which retreads many of the same arguments previously raised and considered. Specifically, Garcia argues here that a reduction in his sentence is warranted because of his advanced age, his completion of numerous rehabilitative programs, the risk of unwarranted sentencing disparities, his entitlement to a 3-point reduction under Section 3E1.1, and because the nature and circumstances of his offense do not foreclose a sentencing reduction. ECF No. 106 at 4-17.

The Court "may not modify a term of imprisonment" unless "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Garcia's motion does not demonstrate the kind of circumstances that warrant early release. As to the defendant's age and risk of unwarranted sentencing disparities, the Court explicitly considered these factors in several of its earlier sentence reduction orders. See, e.g., ECF Nos. 91, 100. And the defendant presents no additional information or arguments that would change the Court's analysis set forth in those prior orders. Moreover, though the defendant points to his successful completion of rehabilitation programs, "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling

2

reason" warranting a sentence reduction. United States v. Brooker, 976 F.3d 228, 238 (2d Cir. 2020).

The defendant's final argument is that he is entitled to a sentence reduction because he was effectively punished for going to trial. ECF No. 106 at 13. Under U.S.S.G. § 3E1.1, defendants who plead guilty in a timely fashion qualify for up to a three-point reduction to their sentencing guidelines range. Garcia went to trial and therefore did not receive the guidelines range deduction. He argues now that this lack of deduction violates the Sixth Amendment by disincentivizing defendants from exercising their right to trial. The argument is well-taken, as this Court has previously concluded that Section 3E1.1 is, at least in part, unconstitutional. See United States v. Tavberidze, 769 F. Supp. 3d 264, 273 (S.D.N.Y. Mar. 10, 2025). Nevertheless, this argument fails to carry the day in this circumstance. Even assuming a three-point reduction was applied to Garcia's guidelines sentencing range, his sentencing range would be 324 to 405 months' imprisonment -- far greater than the 240 months' sentence he is currently serving.

Accordingly, the Court hereby denies the motion for a sentence reduction because Garcia has not identified "extraordinary and compelling reasons" that justify a modification to his sentence. The Clerk is respectfully directed to close ECF No. 106 on the docket of this case.

3

SO ORDERED.

Dated:    New York, NY
         February 12, 2026

_____
JED S. RAKOFF, U.S.D.J.